Robert J. Bach, Esq.
RB - 2751
60 East 42nd Street
40th Floor
New York, NY 10165
212-867-4455
Attorney for Plaintiff

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

PATRICIA DUFFY

        PLAINTIFF

against

CIGNA LIFE INSURANCE CO. OF NEW YORK, and
GOLDMAN SACHS LONG TERM DISABILITY PLAN
        DEFENDANTS

-----------------------------------------------------------------X

INDEX NO.

2005 CV 1456(HB) (FM)

ECF CASE

COMPLAINT

Plaintiff, by her attorney, Robert J. Bach, as and for the Complaint alleges:

**Introduction**

1. This is a suit under the Employee Income Security Retirement Act of 1974, ("ERISA") by a participant of an employee benefit welfare plan sponsored by the Goldman Sachs & Co. ("Goldman Sachs"), to obtain a long term disability benefit from the Goldman Sachs Long Term Disability Plan ("Plan").

2. The Plaintiff was employed as a telephone operator for broker/traders on one of its trading floors since 1985. As a consequence of emphysema, Plaintiff was unable to do each of the material duties of her regular occupation and she left

work on or about July 21, 2002.

3. She applied for a disability benefit under the Plan, however, her claim was denied by CIGNA Life Insurance Company of New York ("CIGNA"), the insurer and contract administrator. She appealed the denial and her appeals were denied by CIGNA.

4. Plaintiff sues to obtain a benefit under the Plan and to be made whole for any compensation or other benefits, etc. that she would have been entitled to receive from her employer as a consequence of the improper denial of the disability benefit.

5. Plaintiff seeks declaratory and compensatory relief pursuant to the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 USC Sections 1001 et. seq. and requests that the Court determine, *de novo*, that she was disabled as of July, 2002; that her disability benefit should have commenced as of January, 2003; and direct CIGNA to pay her benefit retroactively to that date, with interest.

## Jurisdiction

6. The court has jurisdiction of this matter pursuant to the Employee Retirement Income and Security Act of 1974, as amended, 29 USC sections 1132(a)(1)(B), 1132(a)(3) and 1132(e)(1), as well as 28 USC Sections 1331, 2201, and 2202.

## Venue

7. Venue is in the Southern District of New York because CIGNA does business in this District and is found in this District and the Defendant Plan is found in this

District 29 USC section 1132(e)(2) and 28 USC section 1391(a).

## The Parties

### Plaintiff - Patricia Duffy

8. Patricia Duffy ("Duffy"), the plaintiff in this action resides in Brooklyn, New York.

9. Mrs. Duffy was employed by Goldman Sachs since 1985 as a telephone operator for broker/ traders on one of its trading floors.

10. Plaintiff was a "participant" of the Plan within the meaning of the ERISA, 29 USC § 1002(7).

### Defendant: CIGNA Life Insurance Company of New York

11. Defendant CIGNA Life Insurance Company is authorized to do business in New York and does business in this District.

12. CIGNA insured the employees of Goldman Sachs under a group Long Term Disability contract, NYK-030017, which provides long term disability benefits for employees of Goldman Sachs.

13. Upon information and belief CIGNA was the contract administrator of the Plan at all times relevant herein.

### Defendant - Goldman Sachs Long Term Disability Plan

14. Goldman Sachs has at, at all times during the relevant period, has done business in this district, with offices at 85 Broad Street, New York, NY.

15. Goldman Sachs was and continues to be the Plan Sponsor of the Plan , within the meaning of ERISA, 29 USC § 1002 (16)(B)

16. The Goldman Sachs Long Term Disability Plan provides long term disability

benefits to eligible employees through an insurance contract provided and administered by CIGNA.

17. The Plan is an employee benefit welfare plan within the meaning of ERISA, 29 USC § 1002(1)(A).

## First Cause of Action

18. Mrs. Duffy was employed since 1985 by Goldman Sachs, and worked for Goldman Sachs until she became disabled.

19. Mrs. Duffy was diagnosed with emphysema in 1994 when she went to the hospital with pneumonia.

20. Her job required her to answer about 40 phone lines for 20 trader/brokers. The messages were often urgent or required immediate attention, and if the broker/traders were not at their desks, Mrs. Duffy would have to run around the trading floor to track them down, or go to other floors to find them. She was continuously moving around the floor to deliver the messages.

21. Although under doctor's care, her illness became progressively worse and in July, 2002 she was told by her doctor to stop working. She reported this to the Human Resources Department at Goldman Sachs, and was told that because her doctor ordered her to stop, she would have to stop working as soon as possible. She left at the end of that week.

22. Mrs. Duffy filed a claim for long term disability benefits from the Plan and from Social Security. By letter dated February 5, 2003, her claim was denied by CIGNA. Social Security granted her a disability benefit, with an onset date of July 22, 2002.

23. Plaintiff appealed the denial; however, by letter dated May 5, 2003, her appeal was denied by CIGNA.

24. By letter dated October 29, 2004, Mrs. Duffy filed a request for reconsideration.

25. CIGNA reconsidered Mrs. Duffy's Notice of Appeal and by letter dated January 10, 2005, upheld its previous decision to deny her claim.

26. Pursuant to ERISA, 29 USC section 1132(a)(1)(B), the Plaintiff sues to recover benefits due to her under the terms of the Plan, and requests that the Court determine, *de novo*, that she is entitled to benefits under the terms of the Plan.

## Second Cause of Action

27. Plaintiff restates Paragraphs 1 - 26 as though restated herein.

28. The Plan defines disability as:

    "An Employee will be considered Disabled if, because of Injury or Sickness,

    1. he or she is unable to perform all the material duties of his or her regular occupation, ...

29. The Plan does not define the term "regular occupation"..

30. Instead of analyzing the material elements of Mrs. Duffy's regular occupation, CIGNA improperly used the Dictionary of Occupational Titles to define Mrs. Duffy's occupation.

31. Plaintiff alleges that CIGNA breached its fiduciary duties to Plaintiff in violation of 29 USC 1104(a)(1)(D) because it based its denial of her claim on a definition of "regular occupation" not found in the Plan.

**Third Cause of Action**

32. Plaintiff restates paragraph 1-31 as though restated herein.

33. Plaintiff alleges that by failing to make an determination based on Mrs. Duffy's regular duties, CIGNA breached its fiduciary duty to her by not considering all the relevant factors in making its determination.

**Fourth Cause of Action**

34. Plaintiff restates paragraphs 1-33 as though restated herein.

35. In denying Mrs. Duffy's claim, CIGNA determined that her occupation as an Operator was a sedentary level occupation and that "her condition was not so severe that she would be incapable of performing sedentary level work".

36. Even assuming that Mrs. Duffy could do sedentary work, the material duties of her regular occupation, exceeded the level of a sedentary occupation, and that her illness prevented her from doing even sedentary work.

37. Plaintiff alleges that she did not receive a full and fair review of her claim in violation of ERISA, 29 USC 1133, and that she should have been awarded a long term disability benefit.

## Demand for Relief

WHEREFORE, plaintiff demands a declaratory judgment that defendant violated plaintiff's rights pursuant to ERISA:

    a) that the Court direct the Defendants to pay the benefit from the onset of the disability, plus interest from the date of the onset;

    b) that the Court direct that the Plaintiff receive from Defendants any

other compensation or benefits that she would have be entitled to receive, and be made whole for any expenses that she has incurred, as a consequence of the improper denial of her long term disability benefit.

c). that pursuant to 29 USC 1132(g) the Court award attorney's fees and expenses.

d) that the Court award such other and further relief as the Court may deem just and proper.

*Robert Bach* (signature)

Robert J. Bach (RB 2751)
60 East 42nd Street
40th Floor
New York, NY 10165
212 - 867 - 4455
Attorney for Plaintiff

February 3, 2005
New York, NY